UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARREN R. LINDLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-51-RLW |
| BECKY D. LIZENBEE, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff Darren R. Lindley, a prisoner. For the reasons explained below, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### **Background**

Plaintiff commenced this action in this Court on April 1, 2019. Upon initial review of the complaint, the Court determined that plaintiff had failed to state a viable claim for relief because he failed to specify the capacity in which he intended to sue the defendants, and because his allegations were either incoherent or wholly conclusory. The Court gave plaintiff the opportunity to file an amended complaint to cure the deficiencies. In doing so, the Court gave plaintiff clear instructions, specifically cautioning him about the necessity of specifying the capacity in which he sued each defendant, and about the necessity of pleading specific facts explaining how each defendant's actions or omissions violated his rights. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be

granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364

2

F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Dr. Philip E. Tippen, and Nurses Becky Lizenbee, Rebeka Graham, and Nina Hill. All of plaintiff's claims are based upon the removal of a cane and walker from his possession. Plaintiff states he sues Lizenbee and Tippen in their official and individual capacities. He does not indicate the capacity in which he sues Graham and Hill. Attached to the amended complaint, and therefore considered part of the amended complaint for all purposes, are copies of the Informal Resolution Request (IRR), Grievance and Grievance Appeal plaintiff filed regarding the removal of the cane and walker, along with copies of the responses he received. The Court will consider these materials in assessing whether this action is subject to dismissal under § 1915(e)(2)(B). *Reynolds,* 636 F.3d at 979, Fed. R. Civ. P. 10(c). Plaintiff alleges as follows.

On or about March 14, 2017 at Southeast Correctional Center (SECC), Lizenbee "removed medical approved walker" without "any known Doctor approval." This led to plaintiff "falling and breaking my left hip." Lizenbee "showed no remorse in her actions with deliberate indifference of removing the Doctor approved medical device." On June 6, 2017, Dr. Tippen "refused to reinstate walker and or cane," and did not intervene when Lizenbee removed the walker. Graham did not "show any remorse towards the numbness or the pins and needles shooting down right leg which is still on going and will not issue any medications to combat the pain and pins and needles." Hill took plaintiff's cane and "placed walker after a unqualified exam which lead to the injury to myself of a fall and breaking of left hip."

3

Plaintiff filed an IRR, Grievance, and Grievance Appeal to complain about the removal of the devices. Dr. Tippen and a nurse provided a written response. They wrote:

> According to your medical record, you were evaluated for the use of your cane on 3/14/17 by a licensed provider. After a complete evaluation and physical examination, it was determined a wheeled walker would be a more appropriate assistive device for your condition. At that time, you were required to turn in your cane and were issued a wheeled walker. On 3/27/17 you were again evaluated by a different licensed provider for your chronic pain chronic care clinic. After a thorough evaluation and physical examination, your current lay-ins were deemed appropriate for your current condition. On 3/31/17 a nurse observed you using your walker inappropriately and educated you on the proper and safe use of the walker. On 4/4/17, you were again observed by nursing staff using your walker incorrectly. This information was reported to the provider, at which time it was determined that in the best interest of your personal safety, your walker would be removed from your possession. You are currently enrolled in the chronic pain chronic care clinic, therefore you are evaluated at a minimum of every six months by a licensed provider. This evaluation includes determination of appropriate lay-ins based on your current condition.
>
> In conclusion, your current medical treatment is being addressed by a qualified medical professional and you will continue to receive appropriate care/treatment as determined necessary by your provider. You are strongly encouraged to attend all chronic care clinic appointments, as well as all other health care appointments, as your need for additional evaluation, treatment, and assistive devices will be determined at that time.

(ECF No. 7, Attch. 1 at 4). Plaintiff appealed the denial of his Grievance. In response, J. Cofield (Director of Operations) and Dr. Bredeman (Associate Regional Medical Director) wrote:

> Upon review of your medical record, grievance records and investigation of your concern, I found you were seen and examined by the medical staff at SECC multiple times or your concerns that you should keep your cane. Your record notes that post assessment and monitoring of your use of the walker and past use of the cane your physician determined that your cane and the walker should be removed from your possession. I found no lack of health care, treatment, or follow-up care by the medical staff at SECC.

*Id.* at p. 6.

Plaintiff seeks damages from each defendant of $360,000 per year beginning March 14, 2017, and punitive damages of $25,000.

4

## Discussion

Plaintiff's claims arise under the Eighth Amendment, which requires that inmates be provided with adequate medical care. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference. *Id.* The test for deliberate indifference consists of two prongs: an inmate must show that he "suffered from an objectively serious medical need," and that the defendant knew of and deliberately disregarded that need. *Id.*

Deliberate disregard is a mental state "equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 914–15 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835, 839–40 (1994)). Showing medical malpractice is not enough: "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment." *Estelle*, 429 U.S. at 106. Rather, an inmate must show that the provider disregarded "a known risk to the inmate's health." *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006).

Significantly, while inmates have a right to adequate medical care, they have no "right to receive a particular or requested course of treatment." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Doctors are free to exercise their independent medical judgment, *id.*, and a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118–19 (8th Cir. 2007) (alteration in original) (citation omitted).

In the case at bar, the Court assumes, for the sake of argument, that plaintiff had an objectively serious medical need. However, plaintiff's allegations do not establish that any named

5

defendant was deliberately indifferent to that need. As noted above, this is an onerous standard that requires plaintiff to demonstrate a mental state akin to criminal recklessness. Additionally, despite this Court's prior caution, plaintiff sets forth his claims in a vague and conclusory manner instead of alleging facts permitting the inference that any defendant violated his rights.

Regarding Graham, plaintiff alleges only that she failed to show "remorse" towards his complaints and will not issue medications. Plaintiff does not explain the context in which this occurred, or allege any facts permitting the inference that Graham's failure to issue medications amounts to her deliberate disregard of a known risk to his health. Plaintiff's allegations are simply too vague and conclusory to permit the inference that Graham was deliberately indifferent to a serious medical need. Although this Court must liberally construe pro se complaints, the Court will not create facts or construct claims that have not been alleged. *See Stone*, 364 F.3d at 914-15. Plaintiff may intend to allege that Graham was unprofessional or negligent, or to express his disagreement with a decision she made about the appropriate course of treatment. However, allegations amounting to negligence, and allegations that establish only the plaintiff's disagreement with treatment decisions, do not state claims of constitutional significance. *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017), *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Regarding Hill, plaintiff alleges she replaced his cane with a walker after an "unqualified" examination. Plaintiff does not explain what he means by "unqualified," but he obviously disagreed with the decision to replace his cane and he may believe he would have received better care elsewhere. As noted above, such allegations do not state claims of constitutional significance. *See id.*

Plaintiff alleges that Dr. Tippen "refused to reinstate walker and or cane" and did not intervene when Lizenbee removed the walker. Plaintiff does not allege that Dr. Tippen refused to

6

evaluate him or provide treatment, or allege facts permitting the inference that Dr. Tippen acted with a mental state equivalent to criminal law recklessness. Additionally, the materials attached to the amended complaint show that plaintiff received regular medical examinations during which his need for the devices was evaluated, and they also show that a device was removed to protect plaintiff after he was seen using it in an unsafe manner. Plaintiff's allegations establish only his disagreement with Dr. Tippen's medical decision that the devices should be removed, not that Dr. Tippen deliberately disregarded a serious medical need. While plaintiff has a right to adequate medical care, he has no "right to receive a particular or requested course of treatment," and Dr. Tippen was free to exercise his independent medical judgment. *Dulany*, 132 F.3d at 1239.

Plaintiff alleges that Lizenbee removed a device without "any known Doctor approval" and "showed no remorse in her actions with deliberate indifference of removing the Doctor approved medical device." These allegations are too vague and conclusory to permit the inference that Lizenbee deliberately disregarded a serious medical need. Additionally, plaintiff's allegations are belied by the materials attached to the complaint that indicate he was repeatedly evaluated for the use of assistive devices, and that decisions to remove the devices were made following such evaluations and on one occasion after plaintiff was observed using a device in an unsafe manner. As noted above, plaintiff has no right to receive a particular or requested course of treatment. *Id.*

As a final matter, the Court notes that plaintiff failed to specify the capacity in which he intends to sue Graham and Hill, despite being cautioned about the necessity of doing so. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir.

7

1989). The Court therefore interprets the amended complaint as alleging only official-capacity claims against Graham and Hill.

Naming an official in her official capacity is the equivalent of naming the entity that employs her. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, to state an official-capacity claim against Graham and Hill, plaintiff must allege that a policy or custom of their employer, Corizon LLC, is responsible for the alleged constitutional violation. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). However, the amended complaint contains no allegations that a policy or custom of Corizon LLC was responsible for the alleged violations of plaintiff's constitutional rights. The amended complaint fails to state a claim upon which relief may be granted against Graham and Hill for this reason, as well.

Having thoroughly reviewed and liberally construed the amended complaint, the Court concludes that plaintiff's allegations fail to state a claim upon which relief may be granted against any of the named defendants. The Court will therefore dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel ((ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of September, 2019.

_Ronnie L. White_
RONNIE L. WHITE

8

UNITED STATES DISTRICT JUDGE